<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JHON CALDAS,<br><br>    Plaintiff,<br><br>v.<br><br>JOHN DOE,<br><br>    Defendant. | Civil Action No. 26-785 (SDW) (LDW)<br><br>**WHEREAS OPINION**<br><br>February 3, 2026 |

**WIGENTON**, District Judge.

  **THIS MATTER** having come before this Court upon *pro se* Plaintiff Jhon Caldas' Complaint ("Compl.") received on January 28, 2026 (D.E. 1) and Application to Proceed *in forma pauperis* ("IFP Application") filed on the same day (D.E. 2), and this Court having reviewed Plaintiff's submissions; and

  **WHEREAS** a district court may allow a plaintiff to commence a civil action without paying the filing fee—that is, *in forma pauperis*—so long as the plaintiff demonstrates that he or she is "unable to pay such fees." 28 U.S.C. § 1915(a)(1); and

  **WHEREAS** when a litigant petitions the Court to proceed without the prepayment of fees, the Court has an obligation to screen the complaint to determine whether it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); and

**WHEREAS** the legal standard for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B) is the same as that applied under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). To survive a motion to dismiss, a plaintiff must allege sufficient facts for the court to reasonably infer that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

**WHEREAS** here, the Complaint does not name a Defendant. (Compl. at 2.) The sole Defendant is "John Doe", who is only identified as a law enforcement officer in Union City, New Jersey. (*Id.*) Without knowing Defendant's identity, this Court cannot reasonably infer that Defendant is liable for the alleged misconduct, and thus the Complaint has failed to state a claim upon which relief can be granted; and

**WHEREAS** Plaintiff's IFP Application indicates that his total monthly income is $350 and his total monthly expenses are around $809.84, including utility payments, transportation, health insurance and car installment payments. (*See generally* D.E. 2.) This Court will therefore allow Plaintiff to proceed *in forma pauperis*.

Therefore, Plaintiff's IFP Application is **GRANTED**, and the Complaint is *sua sponte* **DISMISSED WITHOUT PREJUDICE**. Plaintiff shall have thirty (30) days to file an amended complaint. Failure to timely file an amended complaint may result in the dismissal of this matter with prejudice. An appropriate order follows.

                                                  /s/ Susan D. Wigenton  
                                    **SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk  
cc:      Parties  
           Leda D. Wettre, U.S.M.J.