<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JHON CALDAS,<br><br>           Plaintiff,<br><br>v.<br><br>CITY OF UNION,<br><br>           Defendant. | Civil Action No. 26-785 (SDW) (LDW)<br><br>**WHEREAS OPINION**<br><br>April 30, 2026 |

**WIGENTON**, District Judge.

**THIS MATTER** having come before this Court upon *pro se* Plaintiff Jhon Caldas' ("Plaintiff") Third Amended Complaint ("TAC"), Motion for Preliminary Injunction and Motion for Pro Bono Counsel (D.E. 8, 9, 10), and this Court having reviewed the parties' submissions; and

**WHEREAS** the district court may *sua sponte* dismiss a complaint for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). *See Jackson v. Paterson Police Dep't*, 804 F. Supp. 3d 469, 484 (D.N.J. 2025). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege sufficient facts for the court to reasonably infer that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

**WHEREAS** here, the TAC is largely incoherent and confusing. Moreover, the TAC is rife with conclusory allegations and fails to even make out "threadbare recitals of the elements of a cause of action." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Ashcroft*

1

*v. Iqbal*, 556 U.S. 662, 678 (2009)).  Plaintiff's disjointed factual allegations fail to provide a clear narrative of either the factual or legal basis for his claims.  *See* Rule 8(a)(2) (providing that an adequate complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); *see also Iqbal*, 556 U.S. at 678 (stating that although Rule 8 does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"); and

**WHEREAS** because "[a]n injunction is a drastic and extraordinary remedy, which should not be granted as a matter of course," *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 165 (2010), a party seeking a preliminary injunction must first establish (1) a likelihood of success on the merits and (2) that "it is more likely than not to suffer irreparable harm in the absence of preliminary relief," *Mallet & Co. v. Lacayo*, 16 F.4th 364, 380 (3d Cir. 2021) (quoting *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017)).  Only if the movant establishes these two factors does a court consider (3) whether granting preliminary injunctive relief will harm the nonmoving party or other interested persons and (4) the public interest.  *Reilly*, 858 F.3d at 178–79; and

**WHEREAS** because Plaintiff fails to state a claim upon which relief can be granted, it follows that Plaintiff has not established a likelihood of success on the merits.  *See Mallet*, 16 F.4th at 380.  There is no evidence that Defendant has been served or that an appropriate representative of Defendant has been notified.  Fed. R. Civ. P. 65(a) ("The court may issue a preliminary injunction only on notice to the adverse party.")  Additionally, because the TAC has been dismissed, Plaintiff's Motion for Pro Bono Counsel is dismissed as moot.  *See Ibrahim v. Ibrahim*, No. 05-2421, 2006 WL 54347, at *3 n.2 (D.N.J. Jan. 10, 2006); *Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997) (citing *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993)).

Plaintiff's Third Amended Complaint is **DISMISSED WITH PREJUDICE** pursuant to Rule 12(b)(6) as amendment would be futile. Plaintiff's Motion for a Preliminary Injunction is **DENIED** and his Motion for Pro Bono Counsel is **DENIED** as moot. This case shall remain closed. An appropriate order follows.

    /s/ Susan D. Wigenton    
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:        Clerk
cc:          Parties
             Leda D. Wettre, U.S.M.J.